IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>      Plaintiff,<br><br>  v.<br><br>OFFICER BARBER; OFFICER SMITH; OFFICER TANG; and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>      Defendants.<br>_____/ | No. C 12-3111 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Docket No. 10) AND ADDRESSING SERVICE |

    Defendant Board of Trustees of California State University (Board of Trustees) moves to dismiss Plaintiff's 42 U.S.C § 1983 civil rights complaint against it based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) by reason of Eleventh Amendment immunity.  The Court took the matter under submission on the papers.  Having considered the Defendant's papers, the Court grants the motion to dismiss.

BACKGROUND

    On June 15, 2012, Plaintiff filed a complaint alleging that he was injured by Defendants Officers Barber, Smith and Tang in connection with a jay-walking incident on the San Francisco State University campus.  Defendants Barber, Smith and Tang are peace officers employed by the San Francisco State University Police Department.  The Board of Trustees is authorized by statute to administer the universities in the California State University system.  See Cal. Educ. Code § 66600.

This case is related to a prior action in which Plaintiff brought the same claims against these Defendants, including the Board of Trustees. See Grimes v. Barber, Case No. 09-411 (N.D. Cal.). In that action, the Court granted a motion to dismiss filed by the Board of Trustees, on the grounds that it had sovereign immunity and, as a state agency, it could not be sued under § 1983, because it is not considered a person within the meaning of that statute. Grimes v. Barber, 2009 U.S. Dist. LEXIS 48197, at *5 (N.D. Cal.). The Court did not grant Plaintiff leave to amend, because amendment could not correct these deficiencies. Id.

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to

2

amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

## DISCUSSION

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

The Eleventh Amendment has been interpreted to shield states from suits by individuals absent the state's consent.  Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).  Nevertheless, Congress may abrogate the states' Eleventh Amendment immunity when it both unequivocally intends to do so and "acts pursuant to a valid grant of constitutional authority."  Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  Congress did not express an intent to abrogate state immunity in regard to 42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989).

Defendant Board of Trustees is an arm of the State of California that can properly claim sovereign immunity.  Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1350-51 (9th Cir. 1982)).  Thus, Plaintiff is barred from suing the Board of Trustees in this case.

## CONCLUSION

For the foregoing reasons, Defendant Board of Trustees' motion to dismiss is granted.  The claims against Defendant Board

3

of Trustees are dismissed with prejudice because amendment could not correct the aforementioned deficiencies.

It does not appear from the docket that Plaintiff has served Officers Barber, Smith and Tang at this time.  The Court warns Plaintiff that the remaining Defendants must be served within 120 days from the date the lawsuit was filed pursuant to Federal Rule of Civil Procedure 4(m).  Because the lawsuit was filed on June 15, 2012, the deadline for service is October 15, 2012.  The Court orders that, by October 18, 2012, Plaintiff must file either proof of service upon each remaining Defendants or a motion for additional time in which to serve Defendants, in which he provides good cause for the failure to serve them within the allowed time period.

If Plaintiff fails to comply with this order, the Court shall dismiss his claims against those Defendants for failure to prosecute.

IT IS SO ORDERED.

Dated: 8/2/2012

CLAUDIA WILKEN
United States District Judge

4