IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES, | No. C 12-3111 CW |
| Plaintiff, | ORDER GRANTING MOTION TO QUASH (Docket No. 18) AND QUASHING SERVICE UPON DEFENDANTS OFFICERS BARBER, SMITH AND TANG |
| v. | |
| OFFICER BARBER; OFFICER SMITH; OFFICER TANG; and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, | |
| Defendants. | |
_____/

Defendants Officers Barber, Smith and Tang move to dismiss the instant complaint for insufficient service of process or to quash service of summons pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff Jerome L. Grimes opposes the motion. The Court took the motion under submission on the papers. For the reasons set forth below, the Court GRANTS Defendants' motion and QUASHES service upon them.

BACKGROUND

On June 15, 2012, Plaintiff filed a complaint alleging that he was injured by Officers Barber, Smith and Tang in connection with a jay-walking incident on the San Francisco State University campus. Officers Barber, Smith and Tang are peace officers employed by the San Francisco State University Police Department. Defendant Board of Trustees of California State University is authorized by statute to administer the universities in the California State University system. See Cal. Educ. Code § 66600.

On August 2, 2012, the Court dismissed Plaintiff's claims against the Board of Trustees for lack of subject matter jurisdiction, finding that the claims were barred by sovereign immunity. Docket No. 13. At that time, the Court noted that it did not appear from the docket that Officers Barber, Smith and Tang had been served. The Court warned Plaintiff that these Defendants were required to be served by October 15, 2012 pursuant to Federal Rule of Civil Procedure 4(m). The Court ordered that, by October 18, 2012, Plaintiff was required to file either proof of service upon each remaining Defendant or a motion for additional time in which to serve Defendants, in which he provided good cause for the failure to serve them within the allowed time period.

On August 7, 2012, Plaintiff returned an executed summons and a number of certificates of service. Docket Nos. 14-17.[1] On the face of the summons, after it was issued, Plaintiff crossed out the Board of Trustees and wrote in its place "San Francisco State Univ., Campus Police Department." Docket No. 14, 1. Plaintiff signed the proof of service attached to the summons identifying himself as the server, stated that, on August 7, 2012, he served the summons on "Mary Lee Assistant to University Counsel S.F.S.U./Police Department" and indicated that she was authorized to accept service on behalf of Officers Barber, Smith and Tang and

---

[1] The Court notes that, on these documents and Plaintiff's opposition to the instant motion, Plaintiff has identified himself as both "pro se" and as a "Real Estate Attorney." See, e.g., Docket No. 14, 2; Docket No. 24, 2. Plaintiff is not admitted to the Bar of this Court or licensed by the State Bar of California and is cautioned that he must not represent that he is authorized to practice law, other than to represent himself.

2

the San Francisco State University Campus Police Department.  Id. at 2.

The first certificate of service indicated that, on August 7, 2012, he mailed copies of various documents, including the summons and complaint, to San Francisco State University Campus Police Department and Officers Barber, Smith and Tang at 1600 Holloway Avenue in San Francisco.  Docket No. 15, 1.  The second and third certificates of service indicated that, on August 7, 2012, he mailed a copy of the summons and multiple proofs of service to the Attorney General of California, to "Patricia Bartscher, Esq., University Counsel," and "Michael Martin, Risk Management."  Docket No. 15, 2; Docket No. 16, 1.  The final proof of service stated that, on June 19, 2012, he served the summons for "[Board of Trustees Of: California State Universities] S.F.S.U. Campus Police Department" on "Sgt. Wilson."  Docket No. 17, 1.

Officers Barber, Smith and Tang now move to quash service or dismiss for insufficient service of process.  Docket No. 18.  With their motion, they have submitted the declaration of Jason Porth.  Porth Decl., Docket No. 20.  Mr. Porth is the Deputy Chief of Staff to the President of San Francisco State University.  Porth Decl. ¶ 1.  His office is located in the Administration Building on the University's campus and is directly next door to the office of Ms. Bartscher, who is the University's counsel.  Id. at ¶¶ 1, 5.  The Administration Building is on the opposite side of the campus from the police department.  Id. ¶ 5 & Ex. A.

Mr. Porth attests that, on August 7, 2012, Mary Lee, Ms. Bartscher's assistant, came into his office and asked for assistance in communicating with Mr. Grimes, who was there

3

apparently trying to serve papers on the Defendant Officers. Id. at ¶ 7. Mr. Porth and Ms. Lee both told Mr. Grimes that they were not authorized to accept service on behalf of San Francisco State University or its employees and that leaving papers with them would not constitute proper service. Id. Mr. Grimes acknowledged their statements but insisted on leaving several sets of papers with Ms. Lee. Id. at ¶ 3.

Plaintiff opposes Defendants' motion. Docket No. 24. With his opposition, he has filed a declaration stating, among other things, that, on August 7, 2012, he went to the San Francisco State University Campus Police Department, that "Sgt. Wilson, S.F.S.U. Campus Police Personnel" and "Mrs. Shearer, S.F.S.U. Campus Police Department Office Personnel" refused to accept the summons and complaint from him and told him to mail or take the document to the University's counsel or the Attorney General. Grimes Decl., Docket No. 25, ¶¶ 3, 4, 6. Plaintiff represents that these individuals were "authorized by law to accept service." Id. Defendants dispute that Sergeant Wilson or Mrs. Shearer are authorized by law or appointment to receive service of process. Reply at 3 n.1.

## LEGAL STANDARD

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A court may dismiss the action without prejudice pursuant to Rule 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R.

4

1  Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

"So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)).  However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'"  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Federal Rule of Civil Procedure 4(c)(2) provides, "Any person who is at least 18 years old and not a party may serve a summons and complaint."  It may be carried out by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  Rule 4(e)(2) does not authorize service by mail.  Service may also be carried out in any manner allowed by state law.  Fed. R. Civ. P. 4(e)(1).

## DISCUSSION

Plaintiff appears to contend that he carried out service properly pursuant to each subsection of Rule 4(e)(2) and to state law.  However, Plaintiff has not offered evidence that he has substantially complied with any of these.  All attempts at service here have been carried out by Plaintiff himself.  Because Plaintiff is a party to this action, his attempts at service were

5

ineffective and were not in substantial compliance with Rule 4. See Fed. R. Civ. P. 4(c)(2); see also Cal. Civ. Proc. § 414.10 ("A summons may be served by any person who is at least 18 years of age and not a party to the action."). In addition, insofar as he claims to have perfected service pursuant to Rule 4(e)(2)(A) and (B), Plaintiff has not offered any evidence that he served Officers Barber, Smith and Tang personally or that he left a copy of the summons and complaint at their dwellings or usual places of abode with individuals of suitable age and discretion who reside there. To the extent that Plaintiff contends that he delivered a copy of the summons and complaint to an agent of theirs authorized by appointment or by law to receive service of process, Defendants have offered proof that neither Mr. Porth nor Ms. Lee was so authorized and Plaintiff has offered no proof to the contrary. Although he did not successfully deliver the summons and complaint to Sergeant Wilson and Mrs. Shearer, Plaintiff has also not offered proof that these individuals were authorized by law or appointment to accept service of process, beyond his own conclusory assertion. Finally, to the extent that Plaintiff argues that he properly served the San Francisco State University Campus Police Department, this entity has not been named as a Defendant in this case.

"Where service of process is insufficient, the court has the option of dismissing the action or quashing the service and retaining the case." O'Haire v. Napa State Hosp., 2010 U.S. Dist. LEXIS 37881, at *7 (N.D. Cal. 2010) (citation omitted). "Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve

6

the defendant properly." Id. (internal quotation marks and citations omitted). Although Plaintiff did not complete service in compliance with federal or state law, there is a reasonable prospect that he will serve Defendants properly. Thus, the Court QUASHES service of process on Officers Barber, Smith and Tang and grants Plaintiff one more opportunity to serve them properly. Because the 120-day deadline for service has passed while this motion was under submission, the Court finds good cause to extend that deadline until thirty days from the date of this Order.

CONCLUSION

Accordingly, the Court GRANTS Defendants' motion to quash service (Docket No. 18) and QUASHES service upon Officers Barber, Smith and Tang. The Court also EXTENDS the deadline for service of process upon these Defendants until thirty days from the date of this Order. By that date, Plaintiff must file either proof of service upon each of these Defendants or a motion for additional time in which to serve them, in which he provides good cause for the failure to serve them within the allowed time period. Plaintiff's failure to comply with the terms of this Order will result in dismissal of his claims for failure to prosecute.

Plaintiff shall not attempt to serve the summons and complaint upon any individual or entity that is not named in his complaint.

IT IS SO ORDERED.

Dated: 2/27/2013

CLAUDIA WILKEN
United States District Judge

7