IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEROME L. GRIMES,

    Plaintiff,

  v.

OFFICER BARBER; OFFICER SMITH; OFFICER TANG; and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,

    Defendants.
_____/

No. C 12-3111 CW

ORDER GRANTING MOTION TO DISMISS (Docket No. 51)

Defendants Barber, Smith and Tang have filed a motion to dismiss the Complaint.[1]  Plaintiff opposes the motion.  The matter was taken under submission on the papers.  Having considered the parties' papers, the Court GRANTS the motion to dismiss.

BACKGROUND

On June 15, 2012, Plaintiff filed a complaint alleging that he was injured by Defendants Officers Barber, Smith and Tang in connection with a jay-walking incident on the San Francisco State University campus.  Defendants Barber, Smith and Tang are peace

---

[1] The Court previously dismissed the complaint as to Defendant Board of Trustees of California State Universities.  See Docket No. 13.

officers employed by the San Francisco State University Police Department.

This case is related to a prior action in which Plaintiff brought the same claims against these Defendants. See Grimes v. Barber, Case No. 09-411 (N.D. Cal.).  A settlement conference was held in that case before Magistrate Judge Elizabeth Laporte and the parties agreed to a settlement. (C 09-0411 CW, Docket No. 48). On September 17, 2009, the Court issued a conditional order of dismissal which indicated that if, within ninety days, any party certified to the Court that the agreed amount of consideration had not been delivered, the order would be vacated and the case would be set for trial. (C 09-0411 CW, Docket No. 49).  On September 21, 2009, Plaintiff filed a motion for relief from settlement, which was heard by Magistrate Judge Laporte.  On December 23, 2009, the Court adopted Magistrate Judge Laporte's report and recommendation and denied Plaintiff's motion for relief from settlement.  (C 09-0411 CW, Docket Nos. 58, 60).  On January 4, 2010, Plaintiff filed a declaration stating that he had not received from Defendants, within ninety days from the date of the Conditional Order of Dismissal, the agreed consideration for the settlement of his case.  (C 09-0411 CW, Docket No. 62).  On February 11, 2010, the Court issued an Order Regarding Plaintiff's Declaration.  The Court noted that Defendants' counsel had submitted a declaration stating that, until she received the Court's December 23, 2009 order denying Plaintiff's motion for relief from settlement, she

2

did not know whether the settlement would be vacated by court order. She had sent Plaintiff the settlement check immediately after the Court denied Plaintiff's motion. The Court found that defense counsel reasonably waited until the Court ruled on Plaintiff's motion before sending him the settlement check. The Court further found that, by filing his January 4, 2010 declaration, Plaintiff was attempting once again to obtain relief from settlement. The Court indicated that it had ruled on that issue, that it would not revisit it and that any further papers submitted by Plaintiff attempting to vacate his settlement would be returned to him by the clerk. (C 09-0411 CW, Docket No. 66).

In two other lawsuits, Plaintiff attempted to re-litigate the issues that he asserted and settled in C 09-0411 CW. See C 10-1086 CW; C 11-2120 CW. In both of those cases, the Court granted Plaintiff's motion to proceed in forma pauperis, but dismissed the complaint pursuant 28 U.S.C. § 1915(e)(2)(B). Plaintiff has now filed a modified version of the complaint that he filed in C 11-3120 and paid the civil case filing fee.

In the instant complaint, Plaintiff again alleges that, in C 09-0411 CW, the Court improperly denied his motion to set aside the settlement because Defendants failed to pay him or to expunge his record of false charges within ninety days of the Conditional Dismissal Order. Plaintiff alleges that Defendants should have been fired and required to apologize to him.

3

## DISCUSSION

The doctrine of res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata may be raised on a motion to dismiss when doing so does not raise any disputed issues of fact. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

Three elements must be present in order for res judicata to apply: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or their privies. Allen, 449 U.S. at 94. Because all three of these elements are present here, Plaintiff's breach of contract claim must be dismissed.

An identity of claims exists when two suits arise from the same transactional nucleus of facts. Tahoe-Sierra, 322 F.3d at 1078. Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories

4

supporting the same claim for relief must be brought in the initial action." Id.

Here, Plaintiff seeks to re-litigate claims related to the 2008 jay-walking incident.  Plaintiff and Defendants settled Plaintiff's claims related to this incident in C 09-9411 CW.  It is well established that court-approved settlement agreements, such as the agreement in the 2009 case, have res judicata effect. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746-47 (9th Cir. 2006).

Plaintiff argues that the settlement agreement was the product of intimidation and other wrongful tactics.  However, the Court addressed those issues in the 2009 case, when it denied Plaintiff's motion for relief from settlement.  (C 09-0411 CW, Docket No. 60).

In his opposition to the motion to dismiss Plaintiff argues that Defendants did not fulfill their obligations under the terms of the agreement because they did not cooperate with him in his attempt to remove from his arrest record the offense of battery on a peace officer that arose from the 2008 jay-walking incident. However, as Defendants demonstrate, they informed Plaintiff, "Until you institute formal proceedings to amend your arrest record, the SFSU Police Department cannot unilaterally redact the arrest report or remove it from its records." (C 09-0411 CW, Docket No. 64)  Moreover, an exhibit to Plaintiff's amended complaint indicates that his petition to have the offense removed

5

from his record pursuant to California Penal Code § 851.8 was denied because it was not timely filed. Docket No. 2 at 33.

The Court finds that Plaintiff's claims are barred by the doctrine of res judicata. Accordingly, the Court GRANTS Defendants' motion to dismiss. Because amendment would be futile, the dismissal is without leave to amend. The parties shall bear their own costs. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 2/26/2014

CLAUDIA WILKEN
United States District Judge

6